U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED  LAFAYETTE

JUL 2 2015

TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

GRAYLING RICHARDSON                           CIVIL ACTION NO. 14-954

VERSUS                                         JUDGE DOHERTY

ZURICH AMERICAN INSURANCE CO.                 MAGISTRATE JUDGE HILL


## ORDER

In the course of reviewing the pending motion for summary judgment [Doc. 8], filed by

defendant Zurich American Insurance Company ("Zurich"), it has come to this Court's attention that

jurisdiction over this matter has not been established. Plaintiff Grayling Richardson filed this suit

in the 15th Judicial District Court, Parish of Acadia, for the State of Louisiana. [Doc. 8-4] Zurich

removed the matter to this Court on the basis of diversity of citizenship jurisdiction. [Doc. 1, p. 1]

28 U.S.C. § 1332 grants district courts original jurisdiction over all civil actions where the matter

in controversy exceeds the sum of $75,000 and is between citizens of different states. 28 U.S.C. §

1332(a).  Section 1332 further provides: "For the purposes of this section . . . a corporation shall be

deemed to be a citizen of every State and foreign state by which it has been incorporated and of the

State or foreign state where it has its principal place of business . . . ." 28 U.S.C. § 1332(c)(1).

In its notice of removal, Zurich states plaintiff is a citizen of the State of Louisiana.  [Doc.

1, p. 2] However, Zurich does not set forth its own citizenship.[1] Accordingly, defendant has failed

---

[1]The only information provided by Zurich with any bearing on this issue is the following:

Zurich American Insurance Company [*i.e.*, defendant herein] is a wholly owned

to establish diversity jurisdiction exists over this matter. *See e.g. Coury v. Prot*, 85 F.3d 244, 248 (5th Cir. 1996) ("[T]here is a presumption against subject matter jurisdiction that must be rebutted by the party bringing an action to federal court").

In light of the foregoing, within seven (7) days of issuance of this Order, defendant is to supplement its Notice of Removal with information establishing diversity jurisdiction exists over this matter.

THUS DONE AND SIGNED in Chambers, Lafayette, Louisiana, this ___1st___ day of July, 2015.

REBECCA F. DOHERTY
UNITED STATES DISTRICT JUDGE

COPY SENT
DATE 7/2/15
BY PD
TO RFD
CB

---

subsidiary of Zurich Holding Company of America, Inc., a Delaware Corporation. Zurich Holding Company of American [sic], Inc. is 99.8711% owned directly by Zurich Insurance Company, Ltd, a Swiss Corporation, with the remaining shares indirectly owned by Zurich Insurance Group Ltd, a Swiss Corporation. Zurich Insurance Group Ltd is the only publicly traded company, with a listing on the Swiss stock exchange, and a further trading of American Depository Receipts.

[Doc. 1, p.2] Thus, defendant Zurich American Insurance Company has set forth neither "the state by which it has been incorporated . . . [nor] the State or foreign state where it has its principal place of business." 28 U.S.C. § 1331(c)(1).

Page 2 of 2