RECEIVED
JUL 1 0 2015
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | |
|---|---|
| GRAYLING RICHARDSON | CIVIL ACTION NO. 14-954 |
| VERSUS | JUDGE DOHERTY |
| ZURICH AMERICAN INSURANCE CO. | MAGISTRATE JUDGE HILL |

### MEMORANDUM RULING

Currently pending before the Court is a motion for summary judgment [Doc. 8], filed by defendant Zurich American Insurance Company ("Zurich"). Pursuant to its motion, defendant seeks dismissal with prejudice of all claims asserted against it by plaintiff, at plaintiff's cost. [Id. at p. 1] For the following reasons, the motion is DENIED as premature.

On or about March 12, 2010, plaintiff Grayling Richardson was involved in an automobile accident while working as a self-employed truck driver, under contract with Heniff Transportation Systems ("Heniff"). [Doc. 8-2, ¶ 1; Doc. 10-1, ¶ 1] Heniff (the "Policyholder") had a "Truckers Occupational Accident Insurance" policy with Zurich, whereby Zurich agreed "to insure eligible persons of the Policyholder," for losses such as accidental death, temporary and total disability, continuous total disability, medical expenses, etc. [Id. at ¶¶ 3-4; *see also* Doc. 8-4, pp. 5, 9 (emphasis omitted)] The policy required Zurich to pay Mr. Richardson temporary total disability benefits for a maximum period of 104 weeks. [Doc. 8-2, ¶ 5; Doc. 10-1, ¶ 5; Doc. 8-4, p. 9] Zurich paid temporary total disability payments to Mr. Richardson for the required 104 weeks, as well as compensated him for medical expenses in connection with cervical and lumbar spinal surgeries

resulting from the accident. [Doc. 8-2, ¶ 7; Doc. 10-1, ¶ 7] Plaintiff has now filed this suit against Zurich, seeking a declaratory judgment that he is entitled to continuous total disability benefits under the policy. [Doc. 8-4, p. 2]

In order to qualify for continuous total disability benefits, the policy requires, in pertinent part:

> [T]he **Insured Person** has been granted a Social Security Disability Award for his or her disability (if the **Insured Person** can not meet the credit requirement for a Social Security Award he or she can not qualify for the **Continuous Total Disability Benefit** even if he or she would otherwise qualify). . . .

[Doc. 8-4, p. 18] Zurich denied continuous total disability benefits to plaintiff because plaintiff's claim for social security disability benefits was denied. [Doc. 8-4, ¶ 4; Doc. 8-1, p. 2] Plaintiff's claim for social security disability benefits was denied, because plaintiff could not meet the credit requirement for an award of social security benefits. [Doc. 8-1, pp. 2-3; Doc. 10-2, p. 1]

Zurich has now filed this motion seeking summary judgment in its favor, "on the basis that there is no genuine issue of material fact that Plaintiff is excluded from Continuous Total Disability coverage under the Zurich Truckers Occupational Accident Policy where he cannot meet the credit requirement for a Social Security Disability Award." [Doc. 8, p.1] In opposition to the motion, plaintiff argues he "is presently appealing the adverse decision of the Social Security Administration," and therefore, "it is premature to determine by Summary Judgment [plaintiff's] entitlement to continuous Total Disability Benefits under the Zurich policy." [Doc. 10, p. 2] Plaintiff requests that the motion be denied as premature, or alternatively, held "in abeyance until such time as a conclusive determination is made by the Social Security Administration." [Id. at 2-3]

As a final determination of plaintiff's entitlement to social security disability benefits has not yet been made, dismissal of plaintiff's claim for failure to qualify for a social security disability

award is premature at this time. Accordingly, defendant's motion for summary judgment is DENIED as premature.

Additionally, the Court is of the opinion this matter should be administratively closed until a final determination is made with regard to plaintiff's entitlement to social security disability benefits. Accordingly, the parties are given five (5) business days from receipt of this Ruling to file any objections they have to this matter being administratively closed at this time.

THUS DONE AND SIGNED in Chambers, Lafayette, Louisiana, this 10th day of July, 2015.

REBECCA F. DOHERTY
UNITED STATES DISTRICT JUDGE