RECEIVED

NOV - 2 2015

TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | |
|---|---|
| GRAYLING RICHARDSON | CIVIL ACTION NO. 14-954 |
| VERSUS | JUDGE DOHERTY |
| ZURICH AMERICAN INSURANCE CO. | MAGISTRATE JUDGE WHITEHURST |

**MEMORANDUM RULING**

Currently pending before the Court is a motion for summary judgment [Doc. 21], filed by defendant Zurich American Insurance Company ("Zurich"). Pursuant to its motion, defendant seeks dismissal with prejudice of all claims asserted against it by plaintiff, at plaintiff's cost. [Id. at p. 1; Doc. 21-1, p.1] For the following reasons, the motion is GRANTED IN PART.

**I.     Factual Background**

On or about March 12, 2010, plaintiff Grayling Richardson was involved in an automobile accident while working as a self-employed truck driver, under contract with Heniff Transportation Systems ("Heniff"). [Doc. 21-2, ¶¶ 1-2; Doc. 23-1, ¶¶ 1-2] Heniff (the "Policyholder") had a "Truckers Occupational Accident Insurance" policy with Zurich, whereby Zurich agreed "to insure eligible persons of the Policyholder," for losses such as accidental death, temporary and total disability, continuous total disability, medical expenses, etc. [Doc. 21-2, ¶¶ 3-4; Doc. 21-4, pp. 4, 8 (emphasis omitted); Doc. 23-1, ¶¶ 3-4] The policy required Zurich to pay Mr. Richardson temporary total disability benefits for a maximum period of 104 weeks. [Doc. 21-2, ¶ 5; Doc. 23-1, ¶ 5; Doc. 21-4, p. 8] Zurich paid temporary total disability payments to Mr. Richardson for the

required 104 weeks, as well as compensated him for medical expenses incurred from cervical and lumbar spinal surgeries necessitated by the accident. [Doc. 8-2, ¶ 7; Doc. 10-1, ¶ 7]

On April 2, 2014, Mr. Richardson filed suit against Zurich, seeking: (1) "a declaration that he is continuously and totally disabled" pursuant to the policy; (2) payment of total disability benefits and continued payment of medical expenses pursuant to the policy; and (3) a calculation of the offset to which Zurich is entitled under the policy. [Doc. 1-2, p. 2, 3] Zurich has now filed this motion for summary judgment, arguing plaintiff "is not entitled to Continuous Total Disability Benefits," as plaintiff "does not meet the definition of Continuous Total Disability as defined in the Policy." [Doc. 21-1, p. 1]

## II.  Summary Judgment Standard

"A party may move for summary judgment, identifying each claim or defense - or the part of each claim or defense - on which summary judgment is sought." Fed.R.Civ.P. 56(a). "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Id.*

A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:

(A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or

(B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

*Id.* at § (c)(1).

As summarized by the Fifth Circuit:

> When seeking summary judgment, the movant bears the initial responsibility of demonstrating the absence of an issue of material fact with respect to those issues on which the movant bears the burden of proof at trial. However, where the nonmovant bears the burden of proof at trial, the movant may merely point to an absence of evidence, thus shifting to the non-movant the burden of demonstrating by competent summary judgment proof that there is an issue of material fact warranting trial. Only when "there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party" is a full trial on the merits warranted. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).

*Lindsey v. Sears Roebuck and Co.*, 16 F.3d 616, 618 (5th Cir.1994)(internal citations omitted).

Finally, in evaluating evidence to determine whether a factual dispute exists, "credibility determinations are not part of the summary judgment analysis." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir.1994). To the contrary, "[i]n reviewing all the evidence, the court must disregard all evidence favorable to the moving party that the jury is not required to believe, and should give credence to the evidence favoring the nonmoving party as well as that evidence supporting the moving party that is uncontradicted and unimpeached." *Roberts v. Cardinal Servs.*, 266 F.3d 368, 373 (5th Cir.2001).

### III. Analysis

The policy at issue in this matter provides in pertinent part as follows:

> **Continuous Total Disability, Continuously Totally Disabled** means disability that: (1) prevents an **Insured Person** from performing the duties of any occupation for which he or she is qualified by reason of education, training or experience; (2) requires the care and treatment of a **Physician**, and (3) requires that, and results in, the **Insured Person** receiving **Continuous Care**. . . . The **Insured Person** cannot engage in any activity which results in earned income.
>
> . . . .
>
> **Continuous Care** means at least quarterly monitoring and/or evaluation of the disabling condition by a **Physician**.

[Doc. 21-4, p. 19 (emphasis in original)]

According to defendant's motion, plaintiff is not "continuously totally disabled," as defined in the policy, because: (1) plaintiff "is engaged in an activity that provides him earned income"; (2) plaintiff "is not receiving treatment from his treating physician"; (3) plaintiff "is not prohibited from returning to work"; (4) plaintiff "is able to work in a light duty setting"; and (5) plaintiff "is not receiving Continuous Care." [Doc. 21-1, pp. 2-3]

In support of its argument plaintiff is not receiving "continuous care" as required by the policy to be eligible for continuous total disability benefits, defendant has submitted the deposition testimony of plaintiff's treating physician, Dr. George Williams. On August 3, 2015, Dr. Williams testified that he had not seen or spoken to plaintiff since October 18, 2012, and he had no future appointments scheduled with plaintiff. [Doc. 21-4, pp. 45, 49] Plaintiff has not contested this fact in any manner. Indeed, on April 29, 2015, plaintiff testified other than Dr. Williams, on some unspecified date he had been to University Medical Center in connection to the injuries he sustained in the accident. [Doc. 21-4, pp. 37, 40] Other than seeing Dr. Williams in 2012, and the one visit to University Medical Center, plaintiff testified he had seen no other doctors in connection to the injuries sustained in the accident. [Id. at 37-38] He further testified he had no future appointments scheduled with any medical provider. [Id. at 40]

As set forth above, in order to receive continuous total disability benefits, the insured person must be receiving "Continuous Care," which "means at least quarterly monitoring and/or evaluation of the disabling condition by a Physician." [Doc. 21-4, p. 19 (emphasis omitted)] Plaintiff has not come forward with evidence showing he is receiving "Continuous Care," as required by the policy. Accordingly, plaintiff has failed to carry his "burden of demonstrating by competent summary

judgment proof that there is an issue of material fact warranting trial." *Lindsey* at 618. Accordingly, defendant's motion for summary judgment is GRANTED to the extent it seeks dismissal of plaintiff's claims for: (1) a declaration that plaintiff is continuously and totally disabled pursuant to the policy; and (2) payment of total disability benefits and continued payment of medical expenses pursuant to the policy.[1] However, although Zurich asserts it is entitled to dismissal of all of plaintiff's claims, it has not addressed plaintiff's claim seeking calculation of the "offset to which Zurich is entitled." [Doc. 21-4, p. 2 (emphasis omitted)] As any motion seeking calculation of the offset will be referred to the Magistrate Judge, within thirty (30) days of issuance of this Ruling, the parties are ORDERED to jointly contact the Magistrate Judge for a Rule 16 conference to address the issue of calculation of the offset.

THUS DONE AND SIGNED in Chambers, Lafayette, Louisiana, this ___2___ day of November, 2015.

REBECCA F. DOHERTY
UNITED STATES DISTRICT JUDGE

COPY SENT
DATE 11-3-15
BY Cg
TO CBW/cgc

---

[1] The maximum period for which medical expenses are paid under the policy is 104 weeks - *i.e.*, the same amount of time as temporary total disability benefits. [Doc. 21-4, pp. 8, 21]